### VANDERVEEN *v.* ELLIS.

COMPROMISE AND SETTLEMENT—FRAUD—BROKERS.
 In an action by a customer against a stockbroker for a balance due, evidence examined, and *held*, to show a settlement in full, free from any fraud.

Error to Ottawa; Padgham, J. Submitted October 8, 1912. (Docket No. 5.) Decided November 8, 1912.

Assumpsit by Arend Vanderveen against George E. Ellis for money had and received. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Walter I. Lillie*, for appellant.

*Farr & Kolyn* (*John A. Brown*, of counsel), for appellee.

KUHN, J. The plaintiff was a physician in the city of Grand Haven, and the defendant conducted a stockbroker's office in the city of Grand Rapids. For many years the plaintiff had been in the practice of purchasing stocks upon margins, and had dealt with various Chicago and Detroit brokers. In 1901 the plaintiff began to deal with the defendant in buying stocks upon margins, continued this for a time, and closed the account with a profit of about $1,600. He began dealing again with the defendant in May, 1906, by purchasing stocks upon margins, and in 1907, the defendant desiring to close out his brokerage business, Connor H. Smith took his place as a broker. The plaintiff was informed of this, and desired the defendant to continue the business for him, but consented to turn over to Mr. Smith the stock held on margins by the defendant, and also a balance of $1,837 then in the hands of O'Dell & Co., through whom the defendant dealt. There were also 500 shares of stock purchased for the plaintiff upon margins. These were turned in at the then market price and immediately repurchased by Smith, at the same price, for plaintiff. Thereafter the plaintiff continued to do business with Smith. Some time in 1908 Smith closed out the business, and the plaintiff at that time claims there was due him from Smith $2,500. Plaintiff assigned his claim to one Lamereaux, and suit was commenced against Smith, but subsequently a nonsuit was submitted to. Plaintiff took a reassignment of his claim from Lamereaux, and brought suit against the defendant in assumpsit by declaration with bill of particulars attached. The trial judge directed a verdict in favor of the defendant.

It is contended by the defendant that, having been elected mayor of the city of Grand Rapids in the winter and spring of 1907, he desired to close out his stockbroker's business, and that, after some negotiations, on May 4, 1907, he effected a complete settlement with the plaintiff of all business in his hands at that time and had no further business relations with him at all.

The following correspondence between the parties was introduced in evidence:

"CITY OF GRAND RAPIDS, MICHIGAN.
"Mayor's Office,
   "George E. Ellis.

                     "Stanley Jacowski,
                             "Secretary.
                      "April 17, 1907.

"*Friend Vanderveen:*

"As you know I retired from business December 31, 1906, and the accounts are all transferred to Connor Smith, excepting a few and I desire to transfer them. You can draw down all excepting two dollars per share which he requires for his protection. Kindly inform me by return mail so that I can transfer your account and balance to Connor Smith.

   "Thanking you for past favors,
               "Yours respectfully,
                 "GEORGE E. ELLIS."


        "GRAND HAVEN, MICHIGAN, April 18th, 1907.
"HON. GEORGE E. ELLIS.
"*Dear Sir:*

"Your letter received. I have felt perfectly safe with my stocks in your hands. That is the reason why I prefer to leave them with you, in hopes that in the near future I could get out and make up a part, at least, of my severe losses. But I presume you prefer to free yourself of this responsibility and would like to make this transfer to Mr. Connor Smith. He, of course, is a perfect stranger to me and I would like your candid opinion as to his credit and financial reputation. This I would treat as strictly confidential, but I would like to know in making the transfer does your commissions go with the stocks to Smith and will I settle with him for both the buying and selling when I close them out? According to my receipts you are now holding money amounting to $6,462. Isn't that right? I have been obliged to make loans from bank here and would like to draw to make good some of that loan. When I receive your answer I shall run up first part of next week to see you.

                "Yours truly,
                 "A. VANDERVEEN."

"CITY OF GRAND RAPIDS, MICHIGAN.
"Mayor's Office.
   "George E. Ellis.

                              "Stanley Jacowski,
                                   "Secretary.
                              "April 20, 1907.

"*Friend Vanderveen:*

"Your credit balance inclusive of dividends, etc.; is correct, $6462.00. Connor Smith is all right and I believe him to be entirely honest and I think he is worth twenty thousand dollars. There will not be any charge for extra commission, and when you transfer you can draw all in excess of two dollars per share.

                              "Yours truly,
                              "GEORGE E. ELLIS."

On May 4, 1907, the defendant sent the plaintiff a statement of account as follows:

                              GRAND RAPIDS, May 4, 1907.
Account Purchase and Sale of_____
                    For account of Dr. A. Vanderveen.
By [and then the name "Connor H. Smith" has been scratched out, and "successor to" has been scratched out, and leaves] George E. Ellis, Morton House.

       1906.
  May       15 Bot. 100 O & W, 49¾, Sold
                38½ _____$1,150 00
  May       16 Credit of certificates of
                deposit _____ _____          $200 00
  June      15 Bot. 100 O & W, 48½, Sold
                38½ _____ _____ 1,025 00
  June      15 Bot. 100 G. W., 18, Sold
                11½_ _____  675 00
  June      16 Credit by certificate of
                deposit _____          400 00
  June      16 Credit interest_____            7 00
  June      28 Credit by certificate of
                deposit _____ _____          500 00
  July      20 Credit dividend 2 per cent.
                200 O & W_____          400 00
  December  3 Bot. 100 S. R., 34⅞, Sold
                21⅜ _____ 1,375 00
  December 17 Bot. 100 Gas 96¼, Sold 92¾   400 00

1907.

| | | | |
|---|---|---|---|
| January | 17 Credit by certificate of deposit | $1,200 00 | |
| January | 31 Credit by certificate of deposit | 1,000 00 | |
| February | 15 Credit by dividend 100 gas | 150 00 | |
| February | 20 Credit by interest on certificate of deposit | 5 00 | |
| May | 7 Credit by check | 800 00 | |
| May | 15 Credit by check | 800 00 | |
| May | 25 Credit by check | 1,000 00 | |
| May | 4 Paid C. H. Smith, per instructions | 1,837 00 | |
| | | $6,462 00 | $6,462 00 |

No question is made by the plaintiff as to the correctness of this statement, and it appears that all his transactions with the defendant up to this time were perfectly satisfactory to him, and he never made any complaint. It appears that the terms of the settlement were well understood by Vanderveen, and were assented to by him, and it was understood that their business relations were at an end. The testimony further shows that after May 4, 1907, the plaintiff did business entirely with Connor H. Smith. Memoranda of transactions between Vanderveen and Smith were introduced in evidence, all of them headed as follows:

"Account purchase and sale of _____
"For account of Dr. A. Vanderveen.
"By Connor H. Smith, successor to George E. Ellis, Morton House."

During all this period the checks made out by Vanderveen in payment of these transactions were made payable to Connor H. Smith, and not to Ellis, and Vanderveen drew out from Smith $1,700. It seems to us that the transaction of May 4, 1907, terminated the liabilities of Ellis to Vanderveen on that day, unless it was tainted with fraud. Plaintiff alleges fraud in a special count in his declaration, and the basis of his claim is the statement made by Ellis regarding the financial condition of Smith

when Vanderveen inquired of him regarding Smith. The statement made by Ellis in the letter regarding Smith's financial condition was merely one of opinion, and the record does not disclose that at the time he wrote the letter he was not entirely warranted in his conclusions. Smith testified that at that time he was worth quite a considerable sum over $20,000. Ellis also showed Vanderveen a statement of Smith's financial relations with his brokers which showed that Smith had a balance of $22,667.66 with O'Dell & Co. We cannot find any evidence that Ellis made any fraudulent misrepresentations in order to effect the settlement of May 4, 1907. The settlement was complete, and terminated the relations between the parties, and should be conclusive.

For the reasons stated, the action of the court below in directing a verdict for the defendant is sustained.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.